Filed 4/29/15  P. v. Rios CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B258287 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA208429) |
| v. | |
| JESUS RIOS, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, William C. Ryan, Judge.  Affirmed.

Cheryl Lutz, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Defendant and appellant Jesus Rios appeals the trial court's denial of his motion for recall and resentencing pursuant to Proposition 36, the Three Strikes Reform Act of 2012. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

A jury convicted Rios of attempted second degree robbery (Pen. Code, §§ 664, 211)[1] and simple assault (§ 240). It acquitted him of assault with a deadly weapon or by means likely to produce great bodily injury (§ 245, former subd. (a)(1)), and found not true the allegation that he personally used a dangerous and deadly weapon during the offenses (§ 12022, subd. (b).) After Rios waived his right to a jury trial, the trial court found he had two sustained juvenile adjudications for robbery. It denied Rios's *Romero* motion[2] and sentenced him to a term of 25 years to life pursuant to the "Three Strikes" law. We affirmed the judgment in an unpublished opinion. (*People v. Rios* (Sept. 27, 2002, B150077) [nonpub. opn.].)[3]

On August 1, 2014, Rios petitioned for recall of his sentence and resentencing pursuant to the Three Strikes Reform Act of 2012 (Proposition 36), section 1170.126. On August 8, 2014, the trial court denied the petition with prejudice. It concluded Rios was ineligible for resentencing because his current conviction was for attempted robbery, a serious felony (§§ 1192.7, subds. (c)(19) & (39), 1170.126, subd. (e)(1).) Rios filed a timely notice of appeal on August 19, 2014. (See Cal. Rules of Court, rule 8.308(a).)

---

[1] All further undesignated statutory references are to the Penal Code.

[2] *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497.

[3] We take judicial notice of our unpublished opinion. (Evid. Code, § 452, subd. (d).)

**DISCUSSION**

After review of the record, appellant's court-appointed counsel filed an opening brief which raised no issues, and requested this court to conduct an independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436, 441.  On November 24, 2014, we advised appellant that he had 30 days to submit by brief or letter any contentions or argument he wished this court to consider.

After being granted an extension of time, on January 26, 2015 Rios filed a supplemental brief.  Rios argues that "[t]he facts of the present case do not warrant a sentence of 25 years to life" because the crime was not completed, the victim was not injured, and the jury acquitted him of assault with a deadly weapon or by means likely to produce great bodily injury and found he did not personally use a dangerous or deadly weapon.  In light of the foregoing, Rios asserts that we should evaluate the entire record to determine whether the offense was a serious felony.

However, we lack the authority to do so.  Attempted robbery is listed in the relevant statute as a serious felony.  (§ 1192.7, subds. (c)(19) & (39).)  Section 1170.126, subdivision (e)(1), expressly states that an inmate is eligible for resentencing if he is serving a term for "a conviction of a felony or felonies that are *not* defined as serious and/or violent felonies by subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7."  (Italics added.)  Section 1170.126, subdivision (a), states that its resentencing provisions "are intended to apply exclusively to persons presently serving an indeterminate term of imprisonment" pursuant to the Three Strikes law "whose sentence under [Proposition 36] would not have been an indeterminate life sentence."  Rios is therefore statutorily ineligible for resentencing, and this court could not find him eligible even if we agreed that the facts of his offense were not especially egregious.  No violation of Rios's due process rights is apparent.

3

Rios also argues that the sentencing court improperly treated his prior sustained juvenile adjudications for robbery as "strikes," because he was not afforded a jury trial in connection with those offenses. He avers that use of the juvenile adjudications as strikes is prohibited by *Apprendi v. New Jersey* (2000) 530 U.S. 466, and violated his rights to due process, trial by jury, counsel, and confrontation.

This argument was raised and rejected in Rios's direct appeal. Even if it was cognizable at this juncture, it has been rejected by our Supreme Court. As Rios acknowledges, *People v. Nguyen* (2009) 46 Cal.4th 1007 concluded that the absence of a right to jury trial at a juvenile adjudication does not preclude future use of a sustained petition as a strike. *Nguyen* reasoned that *Apprendi* requires "at most, the right to a jury trial in the current criminal proceeding with respect to any sentencing fact that may increase the maximum punishment for the underlying conviction." (*People v. Nguyen, supra*, at p. 1012.) "So long as an accused adult is accorded his or her right to a jury trial *in the adult proceeding* as to all facts that influence the maximum permissible sentence, no reason appears why a constitutionally reliable prior adjudication of criminality, obtained pursuant to *all procedural guarantees constitutionally due to the offender in the prior proceeding*—specifically including the right to proof beyond a reasonable doubt—should not also be among the facts available for that sentencing purpose." (*Id*. at p. 1023.) *Nguyen* is fatal to Rios's claim. (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455.)

We have examined the entire record and are satisfied appellant's attorney has fully complied with the responsibilities of counsel and no arguable issues exist. (*People v. Kelly* (2006) 40 Cal.4th 106, 126; *People v. Wende, supra*, 25 Cal.3d at p. 441.)

4

## DISPOSITION

The order is affirmed.

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

ALDRICH, J.

We concur:

KITCHING, Acting P. J.

EGERTON, J.[*]

---

[*]    Judge of the Los Angeles Superior Court, assigned by Chief Justice pursuant to article VI, section 6 of the California Constitution.